**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2138
_____

LAZARO BERNABE MENDEZ-AMBROSIO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(A201-785-542)
Immigration Judge: Kuyomars Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 15, 2021

Before: AMBRO, KRAUSE, and PHIPPS, *Circuit Judges*.

(Filed: February 5, 2021)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Lazaro Mendez-Ambrosio, a native of Guatemala, entered the United States without inspection in March 2019. He was detained upon his arrival, and he sought asylum as well as withholding of removal under the Immigration and Nationality Act based on a fear of violence by members of a gang who murdered his brother in 2010. *See generally* 8 U.S.C. § 1158 (providing for asylum); *id.* § 1231(b)(3) (providing for withholding of removal). For similar reasons, he also sought protection under the Convention Against Torture. *See generally* 8 C.F.R. § 208.16(c) (providing for CAT withholding); *id.* § 208.17 (providing for CAT deferral). After an unsuccessful hearing before an Immigration Judge, Mendez-Ambrosio appealed to the Board of Immigration Appeals, which issued a final order denying him all relief. Mendez-Ambrosio then timely petitioned for review of the BIA's final order, bringing this matter within the jurisdiction of this Court. *See* 8 U.S.C. § 1252(a)(1).

The problem with Mendez-Ambrosio's asylum and INA withholding claims is that the Immigration Judge determined that he was not credible. Mendez-Ambrosio delivered inconsistent accounts of the night of his brother's death, the timing and circumstances of the deaths of his two brothers-in-law, and the extent of his interaction with Guatemalan police. On administrative appeal, the BIA affirmed, explaining that "[a] persecution claim that lacks veracity cannot satisfy the burdens of proof and persuasion necessary to establish eligibility for asylum and withholding of removal." BIA Decision at 2 (AR 4). In reviewing those determinations under the substantial-evidence standard, an Immigration Judge's credibility determinations receive "exceptional deference."

2

*Alimbaev v. Att'y Gen.*, 872 F.3d 188, 196 (3d Cir. 2017). And nothing about Mendez-Ambrosio's proffered explanations for his inconsistent statements compels a conclusion that the Immigration Judge erred in assessing Mendez-Ambrosio's credibility. *See* 8 U.S.C. § 1252(b)(4)(B).

Mendez-Ambrosio's claim for CAT relief fares no better. Both the Immigration Judge and the BIA concluded that Mendez-Ambrosio did not demonstrate that it was more likely than not that he would be tortured in Guatemala with acquiescence of Guatemalan authorities. *See generally Myrie v. Att'y Gen.*, 855 F.3d 509, 515–17 (3d Cir. 2017). The administrative record details how Guatemalan authorities successfully prosecuted the murder of his brother: they arrested, charged, and tried those responsible for that killing. Without record evidence compelling a contrary conclusion, the BIA's order satisfies the substantial-evidence standard in this respect as well. *See* 8 U.S.C. § 1252(b)(4)(B).

Accordingly, we will deny the petition.